# EXHIBIT A

# PEREZ-KUDZMA LAW OFFICE

### 413 BOSTON POST ROAD, WESTON, MA 02493

September 30, 2010

Erica Tennyson
Day Pitney LLP
One International Place
Boston, MA 02110

> Re:   Civil Action Number 2010-1110
> Oscar Carranza and Reyna Carranza v. Bank of New York Mellon and Vericrest
> Financial, Inc.

Dear Attorney Tennyson,

Regarding the above captioned matter, please find enclosed:

- The *Verified Complaint;*
- Summons; and
- A letter sent to the Court today with
  - *Plaintiffs' Motion for a Preliminary Injunction;*
  - *Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction*; and
  - a certificate of service.

I appreciate your willingness to accept service on this matter.

Please do not hesitate to contact us if you have any questions.

Thank you,

Daniel Hyman
Associate Attorney
(781) 209-5596
attorneyhyman@gmail.com

RECEIVED
OCT - 4 2010
Day Pitney LLP

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.

Superior Court Department
Civil Action No. _____

| | |
|---|---|
| OSCAR CARRANZA and REYNA CARRRANZA; ) ) ) Plaintiffs ) ) v. ) ) THE BANK OF NEW YORK MELLON ) f/k/a THE BANK OF NEW YORK, AS ) TRUSTEE OF CIT MORTGAGE LOAN ) TRUST 2007-1 and VERICREST ) FINANCIAL, INC.; ) ) Defendants ) ) | VERIFIED COMPLAINT  JURY TRIAL DEMANDED |

Plaintiffs, Oscar and Reyna Carranza, by and through their Attorneys, state as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs, Oscar and Reyna Carranza, along with their family, are victims of Defendants' unfair and predatory mortgage lending and loan servicing practices.  As a result of Defendants' illegal practices, Plaintiffs lost their home in a purported foreclosure auction on April 26, 2010.  Thus, Plaintiffs seek permanent injunctive relief and damages to remedy, address, and prevent additional harm from arising as a result of Defendants' unfair and predatory practices

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over all claims pursuant to Massachusetts

1

General Laws Chapter 212, Section 4.

3.     This Court has jurisdiction over the Defendants pursuant to Massachusetts General Laws Chapter 223A, Sections 2-4.

4.     Venue is appropriate in this Court as the loan transaction in question occurred in Bristol County where the property at issue is also located.

PARTIES

5.     Plaintiffs, Oscar and Reyna Carranza, reside at 228 South Main Street, Attleboro, Massachusetts (the "Property"). .

6.     Upon information and belief, The Bank of New York Mellon, f/k/a The Bank of New York as Trustee of CIT Mortgage Loan Trust 2007-1 ("Mellon") is a corporation duly established under the laws of the United States of America and having a mailing address at One Wall Street, New York, New York 10286.

7.     Upon information and belief, Vericrest Financial, Inc. ("Vericrest") is a Corporation established under the laws of the State of Delaware and having its usual place of business at 715 Metropolitan Avenue, Oklahoma City, Oklahoma 73108.

STATEMENT OF FACTS

8.     Plaintiffs reside with their minor daughter and Reyna Carranza's mother in the Property. Oscar Carranza is a construction worker, and works diligently to provide for his family; he takes jobs as an individual whenever possible and also works for a construction company.

9.     Towards the end of 2005, Plaintiffs, seeking to build equity and provide for financial stability, decided to purchase a home for their family. After an extensive search, they found the Property.

10.     On or about November 4, 2005, Plaintiffs purchased the Property. At that time, Oscar Carranza was working as an electrician while Reyna Carranza was working

2

as a house cleaner. Believing that it was the proper time to purchase a family home, taking into consideration their income and favorable credit score, they obtained financing to buy their home.

11.     Plaintiffs secured financing from Accredited Home Lenders, Inc, taking out two loans.

12.     At the time of the closing, Defendant Mellon's agent represented to Plaintiffs that they would be able to refinance again in three years, and that the Loans would be affordable. While Plaintiffs speak and understand English, Plaintiffs have limited ability to read English. Defendant Mellon provided a translator to provide an oral description of the loans. Said translator explained the terms of the loan, but did not disclose the adjustable rate feature of the loan.

13.     The first loan ("First Loan") was for $340,000.00 and is secured by a first mortgage on Plaintiff's home.

14.     The First Loan is an adjustable 30 year mortgage.   It has an initial interest rate of 9.125%.

15.     The initial, "teaser" interest rate lasts until December 1, 2007.  On that date, and on the first of the month every six months thereafter, the First Loan adjusts to a new rate. The new rate is calculated by adding a margin of 7.625% to the then current 6 month LIBOR index.

16.     At some time prior to or contemporaneous with the loan closing, Plaintiffs received a "summary" final Good Faith Estimate that failed to disclose numerous fees which were ultimately charged to Plaintiffs, namely: a yield spread premium, a flood determination fee, prepaid interest, a title examination fee, a title insurance premium, recording fees, a plot plan fee, and a wire fee.

17.     At some time prior to or contemporaneous with the loan closing, Plaintiffs

3

received a final Good Faith Estimate.

18.    At some time prior to or contemporaneous with the loan closing, Plaintiffs received a Settlement Statement. The statement included several fees that were not disclosed on the Good Faith Estimate, namely: a $35.00 wire fee, $25.00 for a municipal lien certificate, $125.00 for a plot plan. Additionally, a $35.00 demand fee on the estimate was not charged to Plaintiffs, and the attorney document preparation fee was reduced from $1500.00 to $700.00.

19.    The second loan ("Second Loan") is for $85,000.00 and is secured by a second mortgage on Plaintiff's home.

20.    The Second Loan is a fixed rate, 20 year mortgage. It has an interest rate of 12.99%.

21.    Plaintiffs, through hard work and great effort, made various unaffordable payments on both the First Loan and Second Loan for several years after taking the Loans. In order to make those payments, Reyna Carranza obtained additional, part time work. However, in November of 2006 Plaintiffs had a child, and Reyna Carranza was unable to continue taking additional work. Plaintiffs nevertheless continued to make payments until November of 2007, at which time they had spent down all their savings and could no longer afford the payments.

22.    At some time prior to Plaintiff's final payment, CIT Group/Consumer Finance Inc.("CIT Group") began to service the Loans.

23.    When Plaintiffs determined the Loans were not affordable, they sought assistance from a real estate agency, Mortgage Assessment and Solution Services ("MASS"). Said agency sought to arrange a short sale or other foreclosure alternative for Plaintiffs.

24.    Plaintiffs received notice from Defendant Vericrest regarding a foreclosure

4

scheduled April 21, 2010. At that time, Plaintiffs had never been provided with notice that Vericrest owned or serviced their loan from either Vericrest or CIT Group. Plaintiffs believed that CIT Group still serviced their loan. Plaintiffs directed MASS to contact CIT Group, and they were told that no foreclosure was scheduled.

25. Despite the oral confirmation that no foreclosure was scheduled, on or about April 26, 2010, Defendant Mellon foreclosed on the Property.

26. After the foreclosure was completed, Vericrest sent to a letter - dated May 5, 2010 - to Plaintiffs purporting to offer assistance and requesting various financial information from Plaintiffs. Upon information and belief, Defendants did not consider Plaintiffs for a loan modification, forbearance, or other foreclosure alternative.

27. Upon information and belief, Defendant Mellon was a recipient of funds from the Troubled Asset Relief Program ("TARP"). As a recipient of funds from TARP, Defendant Mellon is required to consider foreclosure alternatives not only pursuant to the covenants of good faith and fair dealing inherent in every contract, but also pursuant to 12 USC §1701x(c)(5).

28. Upon information and belief, Defendant Mellon was a recipient of funds from TARP. The United States Department of the Treasury has ordered all recipients of capital investments to participate in mortgage modification programs, as authorized by H.R. 1424 Title I Sec. 109-110.

29. Since the time of the purported foreclosure, Plaintiffs have suffered significant loss and faced the uncertainty of not knowing whether they have lost their home. This has caused severe emotional distress.

30. Since the time of the purported foreclosure, Plaintiffs have been forced to spend time and financial resources in an attempt to defend their right to remain in their home. That time and money could have been better spent rebuilding their business in this

troubled economy.

## CAUSES OF ACTION

### Count I
*Breach of the duty of good faith and reasonable diligence*

31.     Plaintiffs repeat and re-allege paragraphs 1 through 31 as though set forth fully herein.

32.     As the entity responsible for exercising the statutory power of sale, Defendant Mellon owed to Plaintiffs a duty of good faith and reasonable diligence in conducting any actions or proceedings related to the scheduled foreclosure.

33.     By its inaction and failure to consider Plaintiffs for a loan modification, forbearance, or other alternative, and by failing to formally postpone the pending consideration such consideration, Defendant Mellon breached the duty of good faith and reasonable diligence.

34.     Plaintiffs were injured by the breach of this duty including without limitation to loss of equity, and opportunity to work out their mortgage through loan modification, when inappropriate foreclosure costs and fees were posted, when a purported foreclosure of their property was alleged, and when clouded by the severe emotional distress they have endured while unsure if they would be able to keep their home.

35.     Plaintiffs assert that Defendants' foreclosure sale should be reversed since it never took place.

### Count II
*Breach of Implied Contract*

36.     Plaintiffs repeat and re-allege paragraphs 1 through 36 as though fully set forth herein.

37.     Defendant Mellon accepted TARP funding, and so is obligated to review

all of the loans it owns for foreclosure alternatives before a foreclosure action takes place.

38.     Defendant Vericrest sent Plaintiffs a notice purporting to offer assistance regarding the Property.  Defendants should have offered Plaintiffs such notice and obtained the financial information necessary to consider Plaintiffs for a foreclosure alternative **prior** to foreclosing on the Property..

39.     Defendant Mellon therefore violated its obligation by proceeding to foreclosure on Plaintiffs' property without first evaluating Plaintiffs for a loan modification or other foreclosure alternative.

40.     Plaintiffs assert legal title to the Property should be transferred to Plaintiffs.

<u>Count III</u>
*Violation of M.G.L. C. 244 §14*

41.     Plaintiffs repeat and re-allege paragraphs 1 through 41 as though fully set forth herein.

42.     Defendant Mellon's agent represented to Plaintiffs that there was no foreclosure auction scheduled for the Property.

43.     By representing that the auction was not scheduled, Defendant Mellon essentially rescinded its notice.

44.     A foreclosure auction that has not been properly noticed is void. Therefore, Defendant Mellon obtained legal title to the Property through a fraudulent transfer.

45.     Plaintiffs assert that the foreclosure of the Property should be reversed due to lack of notice as required by M.G.L. C. 244 §14.

<u>Count IV</u>
*Intentional Infliction of Emotional Distress*

46.     Plaintiffs repeat and re-allege paragraphs 1 through 46 as though fully set

forth herein.

47.     Defendants knowingly and intentionally transferred legal title of the Property to themselves by means of a foreclosure.  Defendants had informed Plaintiffs that said foreclosure would not take place as scheduled.  This is a bad faith and fraudulent transfer of property, contrary to the law regulating foreclosure auctions.

48.     Stripping away one's rights of ownership of a home while acting in bad faith are contrary to the long recognized principles of law and public policy.

49.     The purported foreclosure caused, and Plaintiffs have suffered, severe emotional distress.

50.     Plaintiffs assert that legal and actual title to the Property should be transferred back to Plaintiffs.

Count IV
*Deceit*

51.     Plaintiffs repeat and re-allege paragraphs 1 through 51 as though fully set forth herein.

52.     Defendants' agent represented to Plaintiffs that the loan would be affordable and that they would have the opportunity to refinance their mortgage after two years.

53.     Defendants knew or should have known that Plaintiffs would not be able to afford the Loans.  Defendants also knew or should have known that it is deceitful to guarantee to Plaintiffs that they would be able to refinance their loans.

54.     Plaintiffs relied upon the representations of Defendants in selecting and signing the Loans.

55.     Plaintiffs were injured by Defendants' deceit including without limitation to the loss of equity, by the large monthly payments they have remanded to Defendants

8

for no benefit, and by the loss of the opportunity to find a loan which would actually be affordable.

56.     Plaintiffs assert that Defendants foreclosure sale should be reversed and damages should be paid to Plaintiffs.

Count V
*Unjust Enrichment*

57.     Plaintiffs repeat and re-allege paragraphs 1 through 57 as though fully set forth herein.

58.     Plaintiff has unjustly enriched Defendants by making numerous unwarranted payments.

59.     Those ill received payments have caused Plaintiffs financial hardship, destroyed equity in their home, doomed them to foreclosure, and have caused great emotional stress and familial uncertainty.

60.     Plaintiffs assert that Defendants foreclosure sale should be reversed and damages should be paid to Plaintiffs.

Count V
*Violation of 940 CMR 8.06(1)*

61.     Plaintiffs repeat and re-allege paragraphs 1 through 61 as though fully set forth herein.

62.     Defendant Mellon misinformed Plaintiffs as to the affordability of the Loans, possibility of future redress through a loan refinancing alternative, facilitiated the foreclosure of the Property by misleading them regarding the terms of the Loans, and as to the terms and availability of refinancing.

63.     Plaintiffs assert that Defendants foreclosure sale should be reversed and damages should be paid to Plaintiffs.

Count VI

9

*Violation of M.G.L. c. 183C and 940 CMR 8.06(15)*

64.    Plaintiffs repeat and re-allege paragraphs 1 through 64 as though fully set forth herein.

65.    Defendant Mellon has violated M.G.L. c. 183C and 940 CMR 8.06(15) by making excessively risky loans that are unfair and/or unconscionable; failing to take into account Plaintiffs' ability to pay and instead lending based on the value of the collateral; and making a home mortgage loan secured by Plaintiff's principal residence in circumstances where Defendant Mellon could not have reasonably known and ascertained that she would be able to make the scheduled payments.

66.    Plaintiff assert that U.S. Bank's foreclosure sale should be reversed and damages should be paid to Plaintiff.

Count VII
*Violation of Real Estate Settlement Procedures Act*

67.    Plaintiffs repeat and re-allege paragraphs 1 through 67 as though fully set forth herein.

68.    The transaction upon which this claim is based was a consumer credit transaction subject to the Real Estate Settlement Procedures Act ("RESPA").  12 U.S.C. § 2601-2617, 24 C.F.R. § 3500.7

69.    RESPA requires that certain fees be accurately listed on the Good Faith Estimate.

70.    Plaintiff paid fees that were inaccurate beyond the tolerances permitted by RESPA.  To wit: a wire fee, a fee for a municipal lien certificate, a fee for a plot plan, a demand fee, and an attorney document preparation fee

71.    Plaintiff asserts that U.S. Bank's foreclosure sale should be reversed and damages should be paid to Plaintiff.

10

**WHEREFORE** Plaintiffs Oscar and Reyna Carranza respectfully request that this Court:

A. Issue a temporary restraining order and preliminary injunction preventing
   Defendants from evicting Plaintiffs from the Property;

B. Issue a temporary restraining order and preliminary injunction preventing
   Defendants from selling or transferring the Property;

C. Issue an order granting Plaintiffs a *lis pendens* on the Property for the duration of
   this litigation;

D. Reverse the April 26, 2010 foreclosure sale of the property and grant Plaintiffs
   unclouded title to the Property;

E. Award actual damages in an amount to be determined at trial;

F. Award punitive damages in an amount to be determined at trial;

G. Award reasonable costs related to this litigation and all other costs incurred by
   Plaintiffs in their fight to keep the right to live in their home;

H. Award reasonable attorney's fees; and

I. Award such other and further relief as this Court deems just and proper

Respectfully Submitted,

By their Attorneys

9/3/10

Daniel S. Hyman,
BBO #674106
Carmenelisa Perez-Kudzma
BBO# 633520
Perez-Kudzma Law Office
413 Boston Post Road
Weston, Ma 02493
781-209-5596
attorneyhyman@gmail.com

VERIFICATION

I, Oscar Carranza, based on personal knowledge, except where stated under information
and belief, hereby swear under the pains and penalties of perjury that I have read the
foregoing and it is a true and accurate account to the best of my belief.

_Oscar Carranza_      _9/8/10_
Oscar  Carranza ·           Date

I, Reyna Carranza, based on personal knowledge, except where stated under information
and belief, hereby swear under the pains and penalties of perjury that I have read the
foregoing and it is a true and accurate account to the best of my belief.

_Reina A. Carranza_      _9/8/10_
Reyna Carranza            Date

12

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                  SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                               CIVIL ACTION
[SEAL]                                         NO.:

*Oscar Carranza & Regina Carranza*_____, Plaintiff(s)

V.

*Bank of New York Mellon & Vericrest Financial, Inc.*, Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
     PLEASE INDICATE TYPE OF ACTION INVOLVED: --
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

    You are hereby summoned and required to serve upon *Daniel Hyman*
*413 Boston Post Rd., Weston, MA 02493*
plaintiff's attorney, whose address is *413 Boston Post Rd, Weston, MA 02493*
an answer to the complaint which is herewith served upon you, within twenty (20) days
after service of this summons upon you, exclusive of the day of service.  If you fail to do
so, judgment by default will be taken against you for the relief demanded in the
complaint.  You are also required to file your answer to the complaint in the office of the
Clerk of this Court at .......................................either before service upon plaintiff's
attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a
counterclaim any claim which you may have against the plaintiff which arises out of the
transaction or occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

    Witness, Honorable Barbara J. Rouse, Adm. Justice of the Superior Court Dept.
of the Trial Court, at Taunton, the ........................... day of ....................., in the year of
our Lord two thousand and ...........................................................................................

                                               _____
                                               Magistrate

*NOTICE TO DEFENDANT – You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office*

NOTES:

1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.  If a
    separate summons is used for each defendant, each should be addressed to the particular defendant.
3.    If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC24

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner.  (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20_____.

N.B.   TO PROCESS SERVER: --
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON
THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION N0.

BRISTOL, ss.

, Plaintiff(s)

V.

, Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
NO.:

*Oscar Carranza & Regina Carranza* , Plaintiff(s)

v.

*Bank of New York Mellon & Vericrest FINANCIAL, INC.* , Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
        PLEASE INDICATE TYPE OF ACTION INVOLVED: --
        TORT – MOTOR VEHICLE TORT – CONTRACT –
        EQUITABLE RELIEF – OTHER)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

    You are hereby summoned and required to serve upon *Daniel Hyman*
.....................................................................................................
plaintiff's attorney, whose address is *413 Boston Post Rd, Weston, MA 02493*
an answer to the complaint which is herewith served upon you, within twenty (20) days
after service of this summons upon you, exclusive of the day of service.  If you fail to do
so, judgment by default will be taken against you for the relief demanded in the
complaint.  You are also required to file your answer to the complaint in the office of the
Clerk of this Court at ......................................either before service upon plaintiff's
attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a
counterclaim any claim which you may have against the plaintiff which arises out of the
transaction or occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

    Witness, Honorable Barbara J. Rouse, Adm. Justice of the Superior Court Dept.
of the Trial Court, at Taunton, the ......................... day of ...................., in the year of
our Lord two thousand and ...........................................................................................

Magistrate

NOTES:

1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.  If a
      separate summons is used for each defendant, each should be addressed to the particular defendant.
3.    If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC24

*NOTICE TO DEFENDANT – You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office*

## PROOF OF SERVICE OF PROCESS

      I hereby certify and return that on _____, 20____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner.  (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20_____.

N.B.   TO PROCESS SERVER: --
       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 |
|---|

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO.

BRISTOL, ss.

_____, Plaintiff(s)

V.

_____, Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.                                    Superior Court Department
                                                Civil Action No. 2010 – 1110

---

OSCAR CARRANZA and REYNA              )
CARRRANZA;                            )
                                      )
        Plaintiffs                    )
                                      )
v.                                    )
                                      )
THE BANK OF NEW YORK MELLON           )
f/k/a THE BANK OF NEW YORK, AS        )
TRUSTEE OF CIT MORTGAGE LOAN          )
TRUST 2007-1 and VERICREST            )
FINANCIAL, INC.;                      )
                                      )
        Defendants                    )
                                      )
---------------------------------)

## CERTIFICATE OF SERVICE

I, Daniel S Hyman, hereby certify that on September 30, 2010, I caused a true and accurate copy of the *Plaintiffs' Motion for a Preliminary Injunction* and *Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction* to be served upon the following parties by way of United States Mail, postage prepaid:

Erica Tennyson
Day Pitney LLP
One International Place
Boston, MA 02110

Daniel S. Hyman

1

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.                                    Superior Court Department
                                                Civil Action No. 2010 – 1110

---

OSCAR CARRANZA and REYNA          )
CARRRANZA;                        )
                                  )
         Plaintiffs               )
                                  )
v.                                )
                                  )
THE BANK OF NEW YORK MELLON       )
f/k/a THE BANK OF NEW YORK, AS    )
TRUSTEE OF CIT MORTGAGE LOAN      )
TRUST 2007-1 and VERICREST        )
FINANCIAL, INC.;                  )
                                  )
         Defendants               )
                                  )

---

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

NOW COMES, Oscar and Reyna Carranza, Plaintiffs in the above captioned

matter (hereinafter "Plaintiffs"), by their attorneys, and respectfully moves this Court,

pursuant to Mass. R. Civ P. 65, for a preliminary injunction enjoining the Defendants

from any action to complete a summary process action related to a purported foreclosure

sale of Plaintiff's home in Attleboro, Massachusetts, or otherwise interfere with their

possession of it.  In support of this motion, Plaintiffs rely upon the Memorandum in

Support of Plaintiff's Motion for Restraining Order filed herewith.

1

Respectfully Submitted,

By their Attorneys

Daniel S. Hyman,
BBO #674106
Carmenelisa Perez-Kudzma
BBO# 633520
Perez-Kudzma Law Office
413 Boston Post Road
Weston, Ma 02493
781-209-5596
attorneyhyman@gmail.com

9/30

2

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.                                    Superior Court Department
                                                Civil Action No. 2010 – 1110

_____
OSCAR CARRANZA and REYNA      )
CARRRANZA;                     )
                               )
     Plaintiffs              )
                               )
v.                             )
                               )
THE BANK OF NEW YORK MELLON    )
f/k/a THE BANK OF NEW YORK, AS )
TRUSTEE OF CIT MORTGAGE LOAN   )
TRUST 2007-1 and VERICREST     )
FINANCIAL, INC.;               )
                               )
     Defendants              )
                               )
_____)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

### I. Introduction

1.    Plaintiffs, Oscar and Reyna Carranza, seek a preliminary injunction to temporarily prevent Defendants, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee of CIT Mortgage Loan Trust 2007-1 ("Mellon") and Vericrest Financial, Inc. ("Vericrest"), from any action to complete a summary process action related to a purported foreclosure sale of Plaintiff's home in Attleboro, Massachusetts.

2.    Prior to this motion, Plaintiffs filed a civil complaint alleging, in part, that the mortgage from Plaintiffs to Defendant Mellon is void and should be rescinded due to the predatory lending practices of Defendants, violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act, and violations of their state corollaries, Massachusetts General Laws Chapter 140D.  Additionally, Plaintiffs allege that notice of

1

the purported foreclosure sale was rescinded by Defendants, and so the foreclosure sale

was void and a legal nullity.  Plaintiffs seek protection from the Court in the form of

preliminary injunctive relief, restraining the eviction of Plaintiffs while the claims

asserted herein are determined by the Court.

## II. Factual Background

3.      On or about November 4, 2005, Plaintiffs purchased a home for their family at

228 South Main Street in Attleboro, Massachusetts ("the Property").  Plaintiffs obtained

financing from Defendant Mellon in order to purchase the Property.

4.      Defendant Mellon provided multiple Good Faith Estimates to Plaintiffs without

providing a reason for the new Estimates.

5.      Defendant Mellon caused Plaintiff to pay numerous unwarranted fees that were

inaccurate beyond the tolerances permitted by the Real Estate Settlement Procedures Act

("RESPA").

6.      Defendants wrongfully foreclosed on the Property on or about April 26, 2010.

7.      The letter notifying Plaintiffs of the foreclosure sale was sent by Defendant

Vericrest.  Vericrest had not previously sent Plaintiffs notice that Vericrest owned or

serviced Plaintiff's mortgage.

8.      Plaintiffs contacted Defendants, and were given oral confirmation that no

foreclosure had actually been scheduled.

9.      Upon information and belief, Defendants did not consider Plaintiffs for a loan

modification, forbearance, or other foreclosure alternative, as required by their

obligations under the Troubled Asset Relief Program ("TARP").

## III. Legal Standard

10.     To obtain injunctive relief, the Plaintiffs must demonstrate that they are likely to succeed on the merits; that they have no adequate remedy at law; that in the absence of such relief they will suffer irreparable harm; that the balance of harms favors them; and that the requested injunction will serve the public interest. *Packaging Indus. Group, Inc. v. Cheney*, 380 Mass. 609, 615 (1980); *Inverness Med. Switz. GmbH v. Acon Labs., Inc.*, 323 F. Supp. 2d 227, 234 (D. Mass. 2004); *Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

### A. Plaintiffs Are Likely to Succeed on the Merits

11.     Plaintiffs were victims of a predatory loan that was perpetrated by the Defendant. The documents Plaintiffs have in their possession show that Defendants violated numerous state and federal laws.

12.     Defendant Mellon violated RESPA by failing to provide the borrowers with a reason for the multiple Good Faith Estimates.

13.     Defendant Mellon violated RESPA by requiring Plaintiffs to pay numerous unwarranted fees that were inaccurate beyond the tolerances permitted RESPA

14.      Defendant Mellon violated their obligation under TARP by failing to consider Plaintiffs for a loan modification, forbearance, or other foreclosure alternative.

15.     Defendants did not adequately provide notice of the foreclosure sale as Defendants orally rescinded the notice of the foreclosure auction.

16.     The evidence demonstrates that Plaintiffs are likely to succeed at trial.

### B. Plaintiffs Will Suffer Irreparable Harm If They Are Evicted

17.     Plaintiffs, along with their minor child and Plaintiff Reyna Carranza's mother, have lived at their home for approximately five years.  Plaintiffs are unsure where they

would live if they are evicted from their home.

18.      As a general rule, interference with the enjoyment or possession of land is

considered 'irreparable' since land is viewed as a unique commodity for which monetary

compensation is an inadequate substitute." *Shammas v. Merchants Nat'l Bank*, 1990 U.S.

dist. LEXIS 19334, *14 (D. Mass. 1990) (citing *Pelfresne v. Williams Bay*, 865 F.2d 877,

883 (7th Cir. 1982)). If the court does not grant the requested relief, Plaintiffs would be at

serious, unwarranted risk of homelessness. Such a loss would be irreparable.  The only

way to avoid this irreparable harm is to prevent the eviction action through a preliminary

injunction.

### C. The Balance of Harms Favors Enjoining the Pending Eviction

19.      Plaintiffs and their family will suffer irreparable harm if the eviction is completed.

Plaintiffs and their family will have to locate other housing and move out of the home

they have lived in for approximately five years.   Their child may be forced to change

schools.  Given the scarcity of affordable rental housing for a family, the family may well

be homeless if Defendants are permitted to go ahead with the eviction.

20.      By comparison, a court order maintaining the status quo will not significantly

harm Defendants, particularly if the foreclosure auction was invalid, as argued in the

Verified Complaint.

### D. The Public Interest Demands that the Eviction of Plaintiffs be Enjoined

21.      Plaintiffs were victims of a predatory lending scheme that has doomed them to

foreclosure, drained their assets, caused severe emotional distress, harmed their family

stability, and induced them to make a large monthly payment that did not benefit them.

The Supreme Judicial Court has recognized that a loan that dooms a family to foreclosure

is predatory. *Commonwealth v. Fremont Investment & Loan* 452 Mass 733, 745 (2008).

22.     If Defendant is not preliminarily restrained, they stand to profit from their

misdeeds. This is an incentive to continue to engage in predatory lending practices. This

would be contrary to the public interest.

23.     The public interest will also be served by granting the injunction because the

public interest is served where homelessness (however temporary it might be) is avoided,

and by enforcing the laws of the Commonwealth and the United States as regards home

ownership.

### E. A Bond is Unnecessary to a Restraining Order or Preliminary Injunction

24.     As set forth above, the harm to Defendants, if this court preliminarily enjoins the

eviction of Plaintiffs' family, is minimal.  In contrast, if the eviction is not enjoined,

Plaintiffs and their family are at risk of homelessness.   Plaintiffs have already suffered a

grievous economic loss due to Defendants' illegal acts and practices, including the loss of

equity, the lost opportunity to workout their mortgage, by imposition of inappropriate

foreclosure costs and fees on their accounts, and by the large monthly payments Plaintiff

gave to Defendants that did not benefit Plaintiffs.  Plaintiffs will suffer unnecessary harm

should bond be required. The Court is not mandated to require bond in this case.

Plaintiffs respectfully ask the Court to consider the circumstances which have led to the

filing of this motion and that the Court waives the requirement that Plaintiffs' post bond.

See *Petricca Constr. Co. v. Commonwealth*, 37 Mass. App. Ct. 392, 400 (1994)

(Massachusetts Rule of Civil Procedure 65(c) explicitly allows the court discretion as to

security.).

### IV. Conclusion

5

25.      Plaintiffs ask the court to grant this motion for a Preliminary Injunction.  Plaintiffs

merely seek to preserve the status quo pending a trial on the merits.  Plaintiffs have

provided documentary evidence which supports their claim that they are likely to succeed

on the merits.  In the public interest, and because Plaintiffs and their family will suffer

irreparable harm if the eviction takes place, this Court should issue a temporary and/or

preliminary injunction to avoid the sale.

Respectfully Submitted,

By their Attorneys

Daniel S. Hyman,
BBO #674106
Carmenelisa Perez-Kudzma
BBO# 633520
Perez-Kudzma Law Office
413 Boston Post Road
Weston, Ma 02493
781-209-5596
attorneyhyman@gmail.com